IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CALLAHAN TOWER JOINT VENTURE,
and FRANK and BETTY BURR,
Husband and Wife                                           PLAINTIFFS

         v.           Civil No. 07-5214

BENTON COUNTY, ARKANSAS, et al.                            DEFENDANTS

**O R D E R**

Now on this 22nd day of August, 2008, comes on for consideration the defendants' **Motion to Dismiss Amended Complaint and for Summary Judgment (Doc. 27)** and the defendant's **Alternative Motion for Continuance and New Scheduling Order (Doc. 33)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. On July 24, 2008, the Court issued a Memorandum Opinion and Order, granting plaintiffs' request for injunctive relief under the Federal Telecommunications Act (hereinafter the "TCA"), and directing the defendants to issue all necessary permits for construction of the wireless facility at issue within 30 days. The Court dismissed plaintiffs' claim for review under Ark. Code Ann. § 14-17-211 as moot. (Doc. 20.)

2. On August 6, 2008, the Court granted plaintiffs leave to amend their complaint to remove their 42 U.S.C. § 1983 claims. (Doc. 26.) In their amended complaint, plaintiffs' only remaining claim is a claim for damages under the TCA for "lost rents and

-1-

profits" and for attorneys' fees and costs. (Doc. 29.) Defendants move to dismiss, arguing that damages and attorneys' fees and costs are not available under the TCA.

3. In City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, the Supreme Court held that the remedies available under the TCA "certainly do not include attorney's fees and costs." Id. at 122-23. The Court reasoned that "[l]iability for attorney's fees would have a particularly severe impact in the [TCA] context, making local governments liable for the (often substantial) legal expenses of large commercial interests for the misapplication of a complex and novel statutory scheme." Id. at 123.

4. The Supreme Court did not decide whether damages were available under the TCA and the Eighth Circuit Court of Appeals has not addressed the issue. The Ninth Circuit, in Kay v. City of Rancho Palos Verdes, 504 F.3d 803 (9th Cir. 2007), is the only circuit court that has squarely addressed the availability of damages under the TCA. In a thorough analysis of the issue, the Ninth Circuit found that damages were not available, reasoning:

> Section 332 of the TCA does not specify the remedies available to successful litigants.... We have no statement of congressional intent on the question of remedies in the legislative history.... However, ... we have some legislative history discussing the remedial structure created by the statute. Section 332(c)(7), captioned "[p]reservation of local zoning authority," was intended to minimize federal interference with State and local land use decisions. *See* H.R. Conf. Rep. No. 104-458, at 207-08 (1996), U.S. Code Cong. & Admin. News

>    1996, pp. 10, 207-208 (hereinafter "Conference Report")....
>
>    Because TCA plaintiffs are often large telecommunications companies, it is likely that the damages attributed by them to adverse zoning or permitting decisions will be substantial, particularly from the viewpoint of a municipality.... This potential for large damages claims, even if they are not ultimately awarded, suggests that Congress did not intend to create a damages remedy. Just like the attorney's fees addressed by the [Supreme] Court in *Abrams*, there is a real danger here that a damages remedy "would have a particularly severe impact in the [TCA] context, making local governments liable for the (often substantial) [damages] of large commercial interests for the misapplication of a complex and novel statutory scheme." [*Abrams*, 544 U.S. at 123.] The specter of large damages claims, and the expensive litigation recognized in *Abrams*, could easily intimidate local authorities into effectively abdicating their zoning and permitting powers when confronted with an application from a wireless service provider....
>
>    Congress sought to preserve local authority while also providing a federal forum for the review of certain zoning and permitting decisions without further need to exhaust "any independent State court remedy otherwise required." Conference Report at 209. A damages remedy does not further that purpose, and could potentially frustrate it....
>
>    Therefore, we hold that damages are not an appropriate remedy for violations of [the TCA].

Kay, 504 F.3d at 812-15.

The Court agrees with the Ninth Circuit's reasoning in Kay and similarly concludes that damages are not available under the TCA.

5.  Based on the foregoing, plaintiffs' amended complaint seeking damages and attorneys' fees and costs under the TCA is

subject to dismissal.  Accordingly, the Court hereby orders as follows:

* the defendants' **Motion to Dismiss Amended Complaint (Doc. 27)** is hereby **GRANTED** and the Amended Complaint is hereby **DISMISSED WITH PREJUDICE;**
* the defendant's **Alternative Motion for Continuance and New Scheduling Order (Doc. 33)** is **DENIED** as moot.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE